UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAVIER LUIS,  Case No. 1:12-cv-629

        Plaintiff,  Dlott, J.
v.  Bowman, M.J.

JOSEPH ZANG, et al.,

        Defendants.

**OPINION AND ORDER**

**I.    Background**

The above-captioned case, initiated by Plaintiff *pro se* and *in forma pauperis* nearly six years ago in Florida,[1] has a lengthy procedural history that the undersigned finds no need to recount in any detail here. Briefly however, after Plaintiff's case was dismissed on June 20, 2014, the case was revived and remanded to this Court by the Court of Appeals for the Sixth Circuit. *See Luis v. Zang*, 833 F.3d 619 (6th Cir. 2016).

After remand, this Court denied Plaintiff's motion for leave to file a second amended complaint to add multiple new defendants and claims, while allowing Plaintiff to amend only to clarify the factual and legal support for his claims against Awareness Technologies, Inc. consistent with remand. (See generally Doc. 196). That Report and Recommendation was recently adopted by the presiding district judge. (Doc. 210).

At this point in the litigation, only Plaintiff's claims against Defendant Awareness Technologies remain. Following remand, the parties agreed to complete initial disclosures by November 30, 2016, with Plaintiff to complete expert disclosures by July

---

[1] Plaintiff first filed a complaint in state court in Florida on December 16, 2011, before filing a federal case on March 8, 2012. (Doc. 187 at 1-2).

1

10, 2017 and Defendant to make corresponding disclosures by September 8, 2017. Fact discovery was to be completed by May 1, 2017, with expert discovery to be completed by November 30, 2017. Any dispositive motions are due not later than December 29, 2017. (Doc. 181). On March 28, 2017, the undersigned re-affirmed those same pretrial deadlines, since Plaintiff's claims against Awareness Technologies remained the same and were not altered by the limited amendment permitted by this Court after remand. (Doc. 194).

**II. Pending Motions**

The record reflects that Plaintiff has filed four motions that have not yet been addressed by the Court: (1) motion to clarify recent "Notice" (Doc. 203); (2) motion for leave to file/ request to deny protective order (Doc. 207); (3) motion for leave to file / first corrected protective order and for miscellaneous relief; and (4) motion for leave to amend/ correct/ file corrected protective order and for miscellaneous relief (Doc. 209).

**A. Motion to Clarify (Doc. 203)**

This motion seeks clarification of the Court's notation order granting Plaintiff's prior motion for leave to file objections. Plaintiff asks in this motion: "Did the Court intend to accept Doc. #200, or Doc. #201 which was filed the day before on May 22?" Judge Dlott filed the notation order to which Plaintiff's motion refers. Judge Dlott's September 8, 2017 Order adopting the R&R references her review of two documents filed as "Objections" to that R&R, her additional review of amended objections (Doc. 200), and denial of a separate motion for leave to file amended objections (Doc. 201). Therefore, the "motion to clarify" will be denied as moot.

**B. Motion for Leave to Request Denial of Orders of Protection and Miscellaneous Relief (Doc. 207) and Corrected Motions (Doc. 208, 209).**

This motion and two "corrected" versions, all filed between July 5, 2017 and July 10, 2017, concern a protective order drafted by defense counsel, to which Plaintiff previously agreed. Plaintiff now seeks to modify the terms of that Order, which was signed by the undersigned and filed in the record on June 12, 2017. (Doc. 204). Plaintiff's motion will be granted in part and denied in part.

The express terms of the order do not prevent Plaintiff from applying to the Court from relief as to any <u>specific</u> information that Plaintiff believes is inappropriately designated by Defendant as confidential or proprietary. (Doc. 204 at ¶6). As with all discovery disputes, the parties are forewarned that they are to exhaust good faith efforts to resolve any dispute about a particular designation prior to enlisting this Court's assistance, and should jointly contact the undersigned for an informal telephonic discovery conference after such exhaustion, prior to filing any motion.

To the extent that Plaintiff seeks to re-form the terms of the Protective Order to pre-emptively challenge the Defendant's designation of each and every document designated by the Defendant during the discovery process as "proprietary," his motion is denied. Discovery documents are not typically filed of record, and the public does not have the same level of interest in viewing sensitive business documents exchanged during the course of discovery that the public may have in viewing documents filed of record in a case.

While the undersigned declines to modify the terms of the protective order to require judicial examination of each document exchanged or referred to in the discovery process that Awareness may designate as proprietary, Plaintiff's motion to modify the

existing Agreed Order finds more purchase in the context of any document to be filed of record or used at trial.  The Sixth Circuit has instructed trial courts not to permit any party to file documents under seal in civil actions, even if the parties have otherwise agreed to a protective order, absent sufficient justification under the standards set forth in *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir. 2016). Therefore, to the extent that Paragraphs 4 and 5 of the Agreed Protective Order could be read to suggest that the parties may file materials under seal without further Order by this Court, that language will be modified and/or clarified.

Plaintiff's separate request for additional "miscellaneous relief" or the appointment of counsel is denied.  The undersigned thoroughly explained the reasons for denying Plaintiff's prior 22-page motion for the appointment of counsel, in the 15-page Memorandum Opinion and Order filed on February 1, 2017.  (Doc. 188).  Plaintiff's reference to what he views as the current agenda of President Trump's "dangerous presidency" notwithstanding, nothing has changed in this case that alters the Court's prior analysis.

### III.  Conclusion and Order

For the reasons discussed above, **IT IS ORDERED THAT:**

1. Plaintiff's "motion to clarify" (Doc. 203) is DENIED AS MOOT;
2. Plaintiff's "motion for leave to file/ request to deny protective order" and his corrected versions of the same motion (Docs. 207, 208, 209) are all DENIED in part and GRANTED IN PART as follows;
    a. The motions are granted insofar as Paragraphs 4 and 5 of the Agreed Protective Order (Doc. 204) are modified and reworded to state:

4. If Proprietary Information so designated by this Protective Order is to be filed with the Court in connection with any proceedings herein, the party seeking to file the information shall file a motion seeking leave to file the information under seal, and shall provide sufficient justification for that motion as required under controlling Sixth Circuit case law. The Clerk of Court will maintain the confidentiality of any documents and transcripts of testimony as to which the Court has authorized any party to file under seal

5. The designation of Proprietary Information by any party shall not constitute an admission or concession or permit an inference that the Proprietary Information is, in fact, proprietary and any party may object to the designation of any item as Proprietary by moving for entry of an Order that the Proprietary Information is not entitled to protection. Pending the Court's determination of said motion, the Proprietary Information shall be treated as Proprietary as provided in this Stipulation and Protective Order. The motion and all papers submitted to the Court in connection with the motion shall be designated as Proprietary and filed under seal only to the extent authorized by this Court in accord with Paragraph 4 above.

b. Plaintiff's motion (and corrected motions) seeking miscellaneous relief and the appointment of counsel are denied;

3. Given the number of years this case has been pending and the conclusion of fact discovery in May, the Court forewarns both parties that the November 30

deadline for the completion of all expert discovery and the December 29, 2017 dispositive motion deadline WILL NOT BE FURTHER EXTENDED absent an extraordinarily strong showing of good cause.

                                              *s/ Stephanie K. Bowman*
                                              Stephanie K. Bowman
                                              United States Magistrate Judge