**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**


JAVIER LUIS,

      Plaintiff,                                 Civil Action No. 1:12-cv-00629

vs.                                       Dlott, J.
                                              Bowman, M.J.

JOSEPH ZANG, et al.,
      Defendants.


**PLAINTIFF'S FIRST MOTION FOR LEAVE TO FILE SUR-REPLY, TO REQUEST APPOINTMENT OF**
**COUNSEL, AND FOR MISCELLANEOUS RELIEF.**


    I, Javier Luis hereby declare under penalty of perjury that the following (including all exhibits and previous materials referenced and  intended to be included) true and correct to the best of my knowledge and belief. I further certify that I have knowledge of the events I have spoken about and I am willing to testify under oath as to any and all claims

Dated and Respectfully Submitted Sun March 18, 2018
      `
                                               */s/ Javier Luis*


    Plaintiff Javier Luis now files his Motion for Leave to file a Sur-Reply to Awareness Technologies' ('Tech') recent Reply ('reply') to his Opposition ('Opp.') to Tech's Response.

### A.  THERE REMAIN CRITICAL ISSUES OF MATERIAL FACT

    Tech's Reply to my Opposition was inaccurate on a few vital issues. Most critical of all, is Tech's contention that there is no genuine issue of material fact. (Reply p.1)   Although it is true that I agreed with many of Tech's material facts and incorporated them, Tech makes no mention of the fact that the Opp. also pointed out various points of disagreement with those facts. (Opp.

1

P.1)   While I have not directly submitted evidence as I am inexperienced with this aspect of the case, I have submitted many exhibits over the years that point towards Tech's focus on selling their product for illegal use. Interestingly, Tech only *now* questions the authorship and sponsorship of the ads.[1] Despite having five years to bring that up, it failed to do so at all, including during this case's nearly two years in appeals. I am uncertain as to whether or not that is a valid tactic, to wait five years before even raising this obviously disingenuous defense.[2]  As such, if more proof is needed at this phase,  I can surely present it or retrieve it but would require an extension of time and perhaps the guide or aid of counsel.[3] I have absolutely no doubt that I can and will prove Tech paid for those ads as well as many other ads I have entered into the record via included exhibits throughout the 5 years of this case.  I continue to believe that – as stated various times in this case - Tech's own declared methodology of intercept comprises all the necessary evidence necessary to prove that they did indeed intercept his communications

---

[1] Having now seen this defense, I am not surprised since this is the typical modus operandi of this industry made possible by a sinister system of hidden co-conspirator advertising agencies designed to absorb the blame for the primary distributor. *See*, *FTC v. Cyberspy*  (exhibit A) highlighted at page one. That advertising mechanism is an issue that will be expanded upon at length in any trial.

[2] Nonetheless, I object to its use now, whether the objection is appropriate or not.

[3] I have recently been able to locate and include some of the many exhibits sent in over the years in many different CMEC filings. (Exhibit B) I have sent most of them to Tech in a recent email, asking for confirmation or rejection of my assertion that Tech paid for those ads, either directly or indirectly via agreements.  I had not been able to locate them until I found a lost USB drive.[3] Although Tech now claims it had nothing to do with these advertisements of their product (apparently other companies merely advertised their product out of the goodness of their hearts), Tech's assertions will easily be proven false at trial. This is one of many remaining issues of material facts that Tech would like this Court to ignore. It does so at its own peril, as the appeals court will surely not do so. That Tech itself paid and still pays for such advertising is not even open for question. In fact, some of the exhibits include the web address in the exhibits themselves.

and that its mechanism does trigger the Wiretap Act. [4] Moreover, Tech did not submit the vast majority of information and evidence Plaintiff requested. Most of their replies were stock denials and objections.[5] Tech simply will not answer how quickly it intercepts the messages, and this is another reason why I request appointment of counsel. It is a central issue, although I continue to maintain the answer is obvious and apparent as it intercepts incoming and outgoing messages instantly, then routes it a fraction of a second later to worm its way around the Wiretap Act. The Republican congress has recently proven to the public that it is a sold out joke, and so perhaps fittingly this case is also about finding out whether that Act is merely a product of a bad joke and so this is why this Act has been run roughshod over by the to the judicial system for the past three decades or so. More specifically, if this Court is willing to allow the continued abuse of our digital privacy over a few microsecond stall spyware companies have placed within their spyware in order to skirt the law. That is another reason this case has no end in sight as it will go to appeals

---

[4] If resubmission of Tech's own evidence is required, I will do so. Nonetheless the complicated high-tech aspects of the case are beyond my area of expertise and if such is needed, this court should not prejudice this important case by ignoring repeated pleas for an advisor or appointment of counsel. There is simply no way I can know whether or not there is a genuine issue of material fact if I do not have an expert look at those material facts. I have looked for representation but can not find any due to, among other things, the complexity of the issues, the uniqueness of the area of law, and the length it has been in court. That would be looked into by the Vanderbilt law trial team that will take the case. This is very advanced computer technology that only an expert can rightly comprehend and evaluate so I can know if there is indeed an issue here. The same law school that was appointed during appeals was also previously interested in taking this case to trial, so I believe this Court will not have to incur expenses on his behalf.

[5] If Tech did submit the necessary replies, I may have lost them during various moves and computer problems. I have also had various unexpected problems since the death of my previous doctor who had been working on my interminable sleep and attention problems prior to her death. A new medication prescribed for the first time a few weeks ago, while promising, is yet to deliver its intended relief. Documentation for this matter from my present doctor available on request.

either way because of this complex issue.[6] Besides,  this is part of the reason I brought about this case in the first place.

Tech's intercept is real time or "near real time" no-matter how Tech tries to paints this. (Exhibit C) Therein lies one of the major issues in this lawsuit. Spy agencies and spyware companies have relied on a few questionable precedent cases which ruled that digital communications over the internet should play by the same rules as those applied to wiretapping of landlines.  This circuit has apparently agreed the acquisition must be intercepted in such a manner. Nonetheless, this same Court already ruled –and the Appeals Court agreed- that this Court's ruling that Tech did trigger the Wiretap Act was correct.  A jury should be able to decide whether or not Tech's thousands of intercepts triggered the Act after seeing for themselves the manner in which its software intercepts incoming and outgoing messages.

### B. APPOINTMENT OF COUNSEL

In one of her last filings, the Magistrate indicated she would reconsider appointment later. If not now WHEN? After the Court dismisses it?  Prior to trial? Did this Court intentionally mislead me into believing there was a possibility of assigning counsel, only to then deny it until the case was defeated at this phase? Instead this Court should have appointed this many months ago, and should do so now if its words truly meant anything. Plaintiff has no experience with this, and he needs appointment of counsel, as to deny that is to prejudice the case in this instance.

---

[6] Made complex because of the judicial system. Not actually complex had the judicial system not participated in making a mockery of the intention of the law for decades.

This same Court has already placed an unnecessarily huge burden on me due to its many improper rulings, as evidenced by the full reversal by its own Appeals Court. It goes without saying that a first time *pro se* plaintiff has no business having a Court *fully reversed*-not just partially reversed mind you- if the lower Court's errors were not significantly out of order. And this appeals will be certain to focus on the many prejudicial errors evidenced in this case. I now re-appeal for appointment of counsel and incorporate my previous submissions and arguments herein as if written anew.

## C. POLICY ARGUMENTS

This arduous case has gone on for five years and denying appropriate aid in this complex litigation would be a miscarriage of justice by this Court, particularly given that its own appeals court judged this case worthy of appointment of counsel during the appeals process where it is likely headed once again – yet another unnecessary stall likely to add a few more years to this lawsuit. [7] I stand prepared to fight this case for the next decade because – as evidenced by this frighteningly fascist leaning administration- invasion of digital privacy is the most likely path to control the population for future dictators. This country has never seen itself so vulnerable as what it finds itself under this compromised and patently insane presidency. Now is not the time for this Court to go easy on the corporate world which has worked so hard with this

---

[7] There simply is no good reason for this Court to again make the mistake of thinking the case should end at this juncture. To do so will only ensure that this case is once again stalled for many years to come. Had this Court not ignored my half dozen pleas about its granted motion to dismiss, this case would have been over a few years ago. The Court should forgo these lengthy tangents and just let the case be taken to trial on its merits as soon as possible with the proper legal aid - preferably from Vanderbilt Law's trial team.

administration to one-day usher in the kakistocracy we are presently enduring under Trump, which would necessarily lead us into their ultimate destination for our nation; a corporate kleptocracy and plutocracy under a secretly controlled token dictatorship. In truth, that is what we are likely living already, but lets not make it official shall we?[8]

It is perhaps ironic and fitting that Tech used the Smith and Wesson metaphor years ago. Manufacturers of inherently dangerous things will always seek to be protected form any liability for their development of those products that they know, and indeed depend on its buyers to use for nefarious purposes. Whereas with guns, the industry does not depend on their customers to use the weapons for criminal conduct, they do rely on fear to sell their product and that is what drives their industry. Here with this software, this industry depends on our lowest nature to sell its product. Our need to control and spy on our competitors, partners and loved ones. Digital spyware can give corporate users an edge against their competitors when used illegally. They can blackmail and coerce and give them an almost god-like advantage over their controlled puppets It can effectively give them a similar level of immunity against civil defenses that the corrupt PLCAA has given gun manufactures; a level of control similar to what Putin has over Trump, and the NRA has over GOP congressmen. As a once seemingly civilized and advanced society, such things are trending us all towards our doom. Just say no to being a part of that red wave.

---

[8] This Court is welcome to be on whichever side of that history it pleases. Given the history of this case, that result is already effectively forged in stone, but I continue to fight this Court's decisions, because I figure I owe society. The old college try, if you will!

**D. MISCELLANEOUS RELIEF**

I realized too late that my previous submission was cut off at the end due to a cut and paste error. All of the arguments Tech claims I never made as to the other issues have been argues time and again in many previous submissions over the past five years and I intended to incorporate those arguments as if written anew. Also I intended to file a corrected Memo but it was rendered moot once Tech filed its response. Nonetheless, I include the intended closing herein and ask it be considered part of the previous submission, as follows:

As to the other issues in the MSJ, despite Tech's claims to the contrary, there remain many "facts" in contention here.  One such issue has to do with submitted exhibits introduced throughout this lengty lawsuit, al of which form part of the official record.   Plaintiff has noted previously both in the lower case and in the appeals process, that tech never once objected to the exhibits introduced into the case over the years. Now, however, they apparently have decided that the ones introduced in the complaint were not theirs; apparently just some ads published by some unrelated company that apparently loves Tech so much it freely advertises its product for them out of the kindness of its own heart. This tactic is a critical component of the spyware industry, and it is well covered in various past legal actions such as *FTC v. CyberSpy*. At trial the jury can judge for itself whether or not the many exhibits submitted throughout this case and the ones tech now disavows, were in fact sponsored directly or directly by Tech.

Dated March 19, 2018                                      Respectfully Submitted,

                                                        */s/ Javier Luis*

                                                        JDLuis65Ohio@gmail.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Motion was filed electronically on March 19,2018.

Parties may access this document through that system.

_/s/ Javier Luis, Pro Se_