UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAVIER LUIS, | Case No. 1:12-cv-629 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| JOSEPH ZANG, et al., | |
| Defendants. | |

## OPINION AND ORDER

**I.  Background**

The above-captioned case, initiated by Plaintiff *pro se* and *in forma pauperis* more than six years ago in Florida,[1] has a lengthy procedural history that the undersigned finds no need to recount in any detail here. Briefly however, after Plaintiff's case was dismissed on June 20, 2014, the case was revived and remanded to this Court by the Court of Appeals for the Sixth Circuit. *See Luis v. Zang*, 833 F.3d 619 (6th Cir. 2016). After remand, this Court denied Plaintiff's motion for leave to file a second amended complaint to add multiple new defendants and claims, while allowing Plaintiff to amend only to clarify the factual and legal support for his claims against Awareness Technologies, Inc. ("Awareness") consistent with remand. (*See generally* Docs. 196, 210).

Following remand, Plaintiff Luis and Defendant Awareness agreed to complete initial disclosures by November 30, 2016, with Plaintiff to complete expert disclosures by July 10, 2017 and Defendant to make corresponding expert disclosures by September

---
[1]Plaintiff first filed a complaint in state court in Florida on December 16, 2011, before filing a federal case on March 8, 2012.  (Doc. 187 at 1-2).

1

8, 2017. The Court directed the parties to complete fact discovery by May 1, 2017, and to complete expert discovery by November 30, 2017. The Court repeatedly indicated that any dispositive motions were due by December 29, 2017. (*See* Docs. 181, 194). On September 20, 2017, the Court reiterated the importance of adhering to the pretrial deadlines:

> Given the number of years this case has been pending and the conclusion of fact discovery in May, the Court forewarns both parties that the November 30 deadline for the completion of all expert discovery and the December 29, 2017 dispositive motion deadline WILL NOT BE FURTHER EXTENDED absent an extraordinarily strong showing of good cause

(Doc. 211 at 5-6, ¶3). On December 28, 2017, in accordance with the Court's calendar orders, Defendant Awareness filed a motion for summary judgment.

On December 31, 2017, Plaintiff Luis also filed a motion. Although Plaintiff's motion was captioned as a multi-part motion seeking "leave to extend time to file dispositive motion or in the alternative, for summary judgment, and to file cross-motion for summary judgment; [and] renewed motion for appointment of counsel," the motion was docketed <u>solely</u> as a motion for an extension of time to file any response to the Defendant's motion for summary judgment. (Doc. 214). On January 4, 2018, the undersigned granted Plaintiff's motion only to the extent that the Court permitted Plaintiff a brief period of additional time to respond to the pending motion for summary judgment. The Court wrote:

> While Plaintiff offers little basis for any extension of time other than the alleged complexity of the issues presented, the Court nevertheless will allow Plaintiff a limited extension of time, until February 15, 2018, in which to file any response to the pending motion for summary judgment.

(Doc. 218 at 3-4, footnote omitted).

In all other respects, the undersigned denied Plaintiff's multi-part motion,

2

including his last request for the appointment of counsel. As to that portion of the motion, the undersigned's last Order stated:

> As Plaintiff insists on refiling the same motion, the undersigned will reiterate the pertinent language of the Court's last order:
>
>> The undersigned thoroughly explained the reasons for denying Plaintiff's prior 22-page motion for the appointment of counsel, in the 15-page Memorandum Opinion and Order filed on February 1, 2017. (Doc. 188). Plaintiff's reference to what he views as the current agenda of President Trump's "dangerous presidency" notwithstanding, nothing has changed in this case that alters the Court's prior analysis.
>
> (Doc. 211 at 4). The Court forewarns Plaintiff that filing any additional motions seeking the appointment of counsel may be STRICKEN FROM THE RECORD and/or considered to be vexatious.

(Doc. 218 at 3).

Finally, on February 15, 2018, Plaintiff filed an "Affidavit in Opposition" to the pending motion for summary judgment. Awareness filed its reply memorandum on February 23, 2018.

Ordinarily, the filing of the reply memorandum by Defendant would complete all briefing on the pending motion. However, on March 18, 2018, Plaintiff filed a "first motion for leave to file sur-reply, or to request appointment of counsel, and for miscellaneous relief." (Doc. 222). Plaintiff's 8-page multipart motion is supported by three exhibits, totaling 432 additional pages.

**II.    Analysis**

**A.    Motion Seeking Leave to File Sur-reply**

Plaintiff seeks leave to file a sur-reply in order to challenge the Defendant's contention in its reply memorandum that there is no genuine issue of material fact. However, courts will grant leave to file a sur-reply only "where the moving party submits

3

in a reply brief new reasons and evidence in support of its motion for summary judgment." *Mirando v. U.S. Dept. of Treasury*, 766 F.3d 540, 548 (6th Cir. 2014)(quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003). Under S.D. Ohio Civ. R. 7.2(a)(2), this Court also deems the existence of "good cause" to file a sur-reply where a reply memorandum raises entirely new legal arguments that were not presented in the original motion, even if no new evidence was submitted with the reply.

In this case, Defendant's 12-page motion for summary judgment primarily rests on streamlined legal arguments, although it is further supported by an 8-page affidavit. The time to submit evidence and argument in opposition to Defendant's arguments was when Plaintiff filed his response in opposition. Plaintiff's response time was previously (and generously) extended to February 15, 2018. As has previously been noted, Plaintiff's pro se status does not excuse him from compliance with the rules of this Court.

Defendant's 5-page reply does not present any new legal arguments that were not contained in the Defendant's original motion, nor does the reply memorandum present any new evidence. Accordingly, the undersigned finds that Plaintiff has not shown good cause to file any sur-reply at all, much less the type of inordinately lengthy document and voluminous exhibits that he now proposes this Court should consider as new argument and evidence. Therefore, Plaintiff's motion for leave to file a sur-reply will be denied.

### B. Motion for Appointment of Counsel

Plaintiff is far more articulate than most pro se litigants. The record reflects that he is a law school graduate, although he apparently did not take a bar exam and is not

4

a practicing attorney. Nevertheless, Plaintiff's demonstrated litigation prowess over the past six years in this case is among multiple factors previously considered by this Court in its denial of Plaintiff's past requests for the appointment of counsel. (*See generally* Doc. 188, Memorandum Opinion and Order discussing multiple reasons for the denial of counsel in this case; *see also* Docs. 211, 218).

Despite this Court's prior admonitions, Plaintiff has once again renewed his request for the appointment of counsel and special experts in order to further supplement his response to the pending motion for summary judgment. Plaintiff argues that this Court should appoint counsel now before it is too late. "If not now, WHEN? After the Court dismisses [the case]?" (Doc. 222 at 4).

The undersigned will not strike Plaintiff's renewed motion entirely (primarily for judicial convenience because it is a multi-part motion), but finds summary denial to be appropriate. *If and only if this case proceeds beyond summary judgment to trial* will this Court reconsider its prior denial of the appointment of counsel.

### C. Motion for Miscellaneous Relief

Plaintiff also seeks this Court's recognition of his intention "to incorporate" the "many previous submissions" Plaintiff has made of evidentiary "exhibits" and/or argument throughout the history of this case into his response in opposition to summary judgment. The undersigned declines to review the entirety of this voluminous record to determine whether some prior filing of a motion or memorandum, or any prior exhibit thereto, might be pertinent to Plaintiff's opposition to the pending motion for summary judgment. That is not how Rule 56, Fed. R. Civ. P. is designed, and Plaintiff's request would create an extraordinary and improper burden upon this Court.

### D. Plaintiff's Improperly Filed Additional "Response in Opposition" to Defendant's motion for summary judgment (Doc. 223)

On March 27, 2018, without leave of this Court, Plaintiff filed a document he has captioned as a "Second Opposition to Defendant's Motion for Summary Judgment; Plaintiff's Motion for Stay and for Appointment of Counsel." (Doc. 223). The thirteen-page multi-part motion is remarkably similar to the previously tendered sur-reply, and is ostensibly supported by 398 pages of what appear to be nearly the same (if not identical) exhibits to those attached to the previously tendered sur-reply. In this latest "response," Plaintiff indicates that he is "refiling" the document in order to address a perceived technical deficiency with a prior filing, to which he was alerted by "voicemail left by the clerk of the court on February 16, 2018." (Doc. 223 at 1, n.1). Plaintiff states he has not spoken with the clerk but felt he needed to refile the document "ASAP" even though "this refiling is likely incorrect since [Awareness] already replied to the previous paper and so I may be out of time regardless." (*Id.*) Plaintiff also states his intention to file "a new second motion for leave to file a sur-reply…in a few days."

The undersigned will not strike the Plaintiff's improperly filed "second response" but neither will the Court consider this document in the context of the pending motion for summary judgment. For the reasons stated above, Plaintiff is not permitted to file a sur-reply (or multiple versions of a "response" in opposition), and any "motions" contained in Plaintiff's March 27, 2018 fillng are repetitive and redundant to previously filed motions. Plaintiff's time to respond to the motion for summary judgment expired on February 15, 2018. His motions for an additional stay and renewed motion for the appointment of counsel warrant summary denial.

### III. Conclusion and Order

For the reasons discussed above, **IT IS ORDERED THAT** Plaintiff's multi-part motion (Doc. 222) is DENIED in full, and that any construed motions contained in the improperly filed "second" response (Doc. 223) also are DENIED. The only response in opposition to Defendant's motion for summary judgment that will be considered by this Court is the response that Plaintiff filed on February 15, 2018.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge