UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAVIER LUIS,

    Plaintiff,                                    Civil Action No. 1:12-cv-00629

vs.                                                  Dlott, J.
                                                       Bowman, M.J.

JOSEPH ZANG, et al.,
    Defendants.

                                                  **PLAINTIFF'S SECOND OBJECTION TO ORDER AND OPINION (DOC.# 224) AND SECOND MOTION FOR RECONSIDERATION**

      Plaintiff, Javier Luis, herein files his second objection to the Magistrate's Order and Opinion ("Order") filed on March 30, 2018. (Doc. # 224) Plaintiff objects to the order in its entirety and so also herein motions for this Court to reconsider its decision. This second submitted objection is also self sworn on the final page and it is meant to entirely supplant the first objection which had numerous editing errors and omissions-including omission of Plaintiff's sworn statement.

                                         **A.  A New Material Issue Was Introduced By Tech**

      On page four of the Order the Court stated that "good cause" was needed to file a *sur-reply*, further stating that Tech's 5-page reply did not present any new legal arguments that were not contained in the Defendant's original motion. Nonetheless, a few days after submission of its original motion for summary judgment (filed on 12/28/2017), Tech submitted an affidavit by its owner Brad

1

Miller wherein a new critical issue was effectively raised about Tech's lack of involvement with the advertisement for its product. (Doc #217, pg. 3, #'s 10, 11) In that affidavit Tech denies that any of the exhibits pointed to the product used in the acquisition of Plaintiff's communications, as well as a denial that the marketing materials attached in the second complaint had not been active for two years prior to Mr. Zang's purchase of the product. Among other things. Plaintiff was experiencing some problems concerning Pacer as well as his medical treatment and so Plaintiff did not learn about the Affidavit until sometime in March.[1] Concerned about this seemingly new development, Plaintiff emailed Tech about the claim, asking for proof or certification that it had nothing to do with those advertisements. (Exhibits A and B) No reply was ever received. Nonetheless, whether or not Tech advertised its product for illegal use forms the basis for much of this case and this issue had never been brought up by Tech. While it was brought up in an affidavit and not a motion, it was apparently a part of the motion for summary judgment that Tech forgot to include in its initial filing. Having been blocked by Pacer due to an unpaid bill, as well as a few problems related to his email account, Plaintiff remained unaware of that later filed affidavit until he contacted Tech in the included email. (Exhibits above). In its affidavit Tech's CEO claimed that the advertisements previously submitted were not advertising the WebWatcher system purchased by the main culprit, Joseph Zang, and that Tech had not marketed WebWatcher in the way it has previously seemingly accepted throughout this case. That is a material issue that needed to be argued in front of a jury. Tech was also not forthcoming with many of Plaintiff's requests during discovery and he had no way of knowing how to force the issue without riling this Court once again.[2] Given the inclusion of a critical new issue, and Plaintiff's belief Tech would answer his questions so he could include it as part of the reason he needed to file his sur-reply, Plaintiff believes

---

[1] Also, plaintiff does not always have access to his voicemail and was not aware that the clerk had left a message on the machine about a filing error. That caused plaintiff to refile the documents. Plaintiff has previously requested that any contact be sent via email, and so was unaware of the problem until he refiled the motions.

[2] concerning communications with the court clerks for which he had been rebuked a few times by the Magistrate as evidenced in the Magistrate's Order of August 1, 2013 [Doc.# 101] and fully explored in Plaintiff's Objection and Amended Objection [Doc.# 107, 108])

this Court erred in denying Plaintiff's motion for leave to file a sur-reply as well as the other rejected submissions within the Order.

### B. Motion for Appointment of Counsel Was Improperly Denied

Once again the Magistrate has complimented plaintiff about his apparent "litigation prowess." (Order pg. 5) This has happened more than a few times in this case, and it was always – rather predictably – accompanied by a rather harsh and unequivocal denial of one of his requests. This time was no different as the compliment came in an order wherein Plaintiff was again warned not to again motion for appointment of counsel lest his motion be "stricken from the record, and/or considered vexatious." (RR at pg. 3) Later on in the same Order, the Magistrate also warned this apparent *pro se* "wunderkind" that the Court would not admit any of his submitted motions for various procedural errors. Suddenly, plaintiff looks more and more like a regular *pro se*, and not the legal rock star as has been asserted over the past few years whenever it has been convenient to paint plaintiff as something more than the inept legal bungler he obviously has been for more than five years now.

### 1. First Time Pro Se Litigant is in NO WAY competent in a Court of Law

In one final attempt to put this recurring error to bed in this forum, as the words now pain the ears whenever he sees them, Plaintiff will now devote the following six painful pages to debunking this myth that the Magistrate Court has submitted into the case more than three or four times now in defeating his requests for leniency or appointment of counsel. To that end, Plaintiff has assembled a quick "cheat sheet" list of his "hall of shame" record in this forum; one where he was DENIED more than 30 times by 3 different courts and four different judges. (Exhibit C) While this supreme compliment seems like something to be proud of, it is in fact merely part of the same mechanism the Magistrate Court has relied upon in order to abuse discretion for years in its many denials which were later effectively overturned by the appeals court. Indeed, plaintiff is a bit weary

3

of this flattery which has at all times been asserted only as a means to undermine his case. And it has in fact been used in such a manner by the Magistrate Court. Plaintiff would like to ask that the Magistrate Court list what it is about his disastrous 6 years in Court that has it so often praising him? Regardless, the insincere praise has been used against him so many times that Plaintiff wants to try his best to disprove it beyond a reasonable doubt so as to ensure this is the last time he has to read it in this forum. Exhibit C clearly reflects that plaintiff "DENIED" concerning a motion or request in this forum more than thirty or so times. It seems highly doubtful that the Magistrate Court or any legal professional can look at that guide and continue to argue that plaintiff has been anything but dismal in this forum.  Unless of course, there can be an example of a *pro se* that took more than six years to get his case passed discovery. In fact, to have done worse than this *pro se* is likely unheard of- at least within the non-prisoner *pro se* population. And yet the Magistrate continues to say plaintiff is a savvy litigant-but only when it needs a reason to deny him the usual leniency given a *pro se* filer or as continuing reason to deny appointment of counsel. An example of the lack of typical leniency can be found when the Magistrate Court granted Tech a questionable motion to strike of a timely filed Amended Complaint due to the absence of three words "leave to file" which ultimately led to a three-year stall of the case-until the decision was overturned on appeal.  The entire reason for a Magistrate Court is that it aid in the expeditious management of a *pro se* case- and yet time and again it has done the exact opposite in this case, and it continues to do so here.  If plaintiff makes it to the textbooks of any law school texts, it will likely only be as the worlds worst *pro se* ever. Six years after his first filing, the case has yet to go to trial, and it took five years to get it past the emotion to dismiss. Time and again Plaintiff missed deadlines. The first such misstep had this case removed from Florida to Ohio because plaintiff did not even know he had to respond to Tech's motion to Dismiss-that's how proficient and adept he was in the

4

legal world. (Doc # 63) The second major guffaw came when Plaintiff, unaware of the deadly misstep of filling an amended Complaint prior to the deadline but after the time to do so without motioning for leave to file, left out those three golden words ("leave to file"), which the Magistrate Court seized upon to allow a motion to strike which plaintiff still maintains was improperly filed by Tech. (Doc.# 142 in 629) Plaintiff was then denied his motion for accommodations in a minute entry on 08/29/2013. Soon thereafter the Magistrate Court issued one of its first glowing summaries of his performance right before it then denied plaintiff everything he requested due to, err, improper procedures.[3] (Doc 101 in the 884 case, pg. 5) Then another attempt to amend was denied 04/01/2014 (Doc 157 in the 884 case). A year later plaintiff's motion for leave to proceed in forma pauperis on appeal was DENIED as "lacking any legal basis, as frivolous, and as not taken in good faith."(Doc.# 173 884 case) As harshly worded as that rebuke was, it nonetheless proved false as the successful appeal later proved beyond any doubt that it was not the plaintiff that lacked good faith nor was his legal crusade "frivolous" by any stretch of the Court's imagination. And yet the hits kept on coming. Plaintiff's next attempt to amend was again stricken on 02/01/2017 (Doc. #188 in 629). These are *just a small fraction* of plaintiff's large number of fails in this case, and yet the Magistrate Court continues to push the false narrative that this first time *pro se* plaintiff is so legally adept that he deserves no typically granted aid, leniency, nor appointment of counsel – usually of course while denying said aid, leniency and requests for counsel. Plaintiff is a typical to far below average somewhat mentally handicapped *pro se* who can never truly be described as someone who has demonstrated "litigation prowess." This is well represented by the many times this same Court has rebuked plaintiff for mistakes, missed

---

[3] "Plaintiff demonstrates remarkable familiarity with the Federal Rules of Civil Procedure in many documents filed of record, frequently citing both those rules and case law."

deadlines, and improperly field motions.[4] It simply defies imagination when considering how such a pathetic track record in this forum can ever be described as "proficient." In the words of many late night talk shows poking fun of Trump, plaintiff has grown tired of "all this winning."

Nonetheless, while it is perhaps convenient to use the little talent Plaintiff has in order to defeat his requests, it is disingenuous at best. In fact, in five years in this courtroom Plaintiff has NOT ONCE defeated a motion or request of his opponent. Thus, while the Magistrate will have this forum believe that Plaintiff requires no help and is in fact apparently adept at this process despite never having even picked up a law text book (a growing learning disorder made that impractical and wasteful in law school - though more succinct legal guides were used), the record clearly reflects the fact that this seemingly competent pro se has been labelled as competent only when it has aided the magistrate's own agenda in defeating Plaintiff's attempts at receiving relief from this Court in some manner. Plaintiff's limited ability to write a motion or memorandum has almost zero "transfer over" to the procedural side of legal practice - as well evidenced by his many mistakes over the past five years that have landed this case on the more expensive and painful "scenic route." Also he was aided on many of those motions if only by similar materials found on the web which were easily transformed into this case. However, nothing on the web helped with procedural questions or were helpful during discovery. Plaintiff was never trained to be able to handle more complicated legal tasks, such as conducting digital discovery or how to prepare for trial. This particular case always needed the presence of counsel in order that the critical privacy issues contained within have a fair chance to be decided by the judicial system. Indeed, when it was appropriately represented in appeals, all points were validated by the appellate judges – only

---

[4] As also explored in Plaintiff's Objection and Amended Objection [Doc.# 107, 108]

to again be let down in the lower court due to Plaintiff's OBVIOUS incompetence and ineptitude in the procedural practice of law. The Magistrate would prefer Plaintiff be judged by his apparently articulate and neatly typed motions[5] instead of his unimpressive .000 "batting record" versus contested motions and issues in this lower forum.

**2. *Pro Se* Litigant Has long standing medical issues that prevented him from practicing law**

Additionally, Plaintiff's medical condition has presented innumerable barriers to adequate conduct of the case; as well evidenced by his multiple failures to get this *already proven worthy case* to trial for more than five years now! What more evidence need this District Court be presented with to counter the magistrates hard lean into his supposed "legal prowess?" (Doc. 224, pg.#5). Had Plaintiff actually been "articulate" and demonstrated "litigation prowess" as the magistrate claims in its Order, it would stand to reason Plaintiff would have won at least ONE *contested* motion or submission.[6] In fact he never once won a contested motion against either Tech or any of the now settled defendants. It seems ludicrous of this Court to continue to push that angle, when its own rulings have been harsh, almost always contrary to Plaintiff's case and ALWAYS in

---

[5] Lacking any logical indicator of his supposed legal skills, Plaintiff must assume the glowing words of the Magistrate concerning his apparent legal abilities in various previous denials were unduly influenced by his somewhat neatly typed motions and not the content of the many motions which the Magistrate almost universally denied in her many orders and reports over the past five years. Such judgment of a person's legal ability is poorly and incorrectly placed, whatever it actually happens to be. Nonetheless he has seen uneducated prisoners fair better in court than he has in this case. The magistrates leaning on his past legal schooling is improperly placed as academia and real world practice often have little in common.

[6] Plaintiff has been granted certain extensions and was granted a permission to file electronically. However, no legal skill was necessary to achieve those grants by the Court since none of those requests were contested by any defendant in the case. Had they been contested, Plaintiff is certain he would not have won any of them. To be clear, Plaintiff is not complaining or asserting anything about his lack of success. To the contrary, his utter defeat in all contested motions and/or submissions stands as his greatest witness to the fact that he can in no plausible way be considered to be adept at the practice of law as the Magistrate Court would have this forum believe. Plaintiff can hardly be labelled as adept in legal practice as the magistrate would have this court believe. His absolute lack of success versus any sentient human adversary in the case points squarely at his lack of talent in the legal arena, and nothing can change that reality, no-matter how convenient for the magistrate's case against appointment of counsel. His victory in appeals was surely not due to his ability at all. It had everything to do with the law clinic that was appointed by the Appeals Court-one that rightly saw the merits of this case and felt it warranted appointment of counsel.

7

favor of his opponents. It seems obvious and apparent that a truly decently adept legal mind would have won at least ONE contested motion, is it not? And yet the Magistrate could not back up its illogical assertions as to his prowess with even one example of where Plaintiff's supposed legal mastery won him even one challenged decision in any order or report or recommendation.[7]

      Despite the fact that this case represents a uniquely challenging aspect of law –one that is in the news everyday and that concerns digital privacy issues on the forefront of world changing events as seen during this weeks Facebook hearings - the Magistrate Court has time and again treated this case just like any ordinary simple *pro se* case. Instead this case is quite complex and the issues that remain continue to be critical to our privacy rights in the digital age. Those remaining issues have yet to be ruled upon by this Circuit and so this Court should have allowed access to counsel instead of leaving this heavy burden on an inexperienced and ill-suited defender of those rights. Moreover, this Court's adoption of the magistrate's rulings herein would aid in the removal of a vast amount of private communications within the Sixth Circuit from effective protection by the Wiretap Act. Thus, it should be obvious to anyone that this case is one of those few cases that merited an appointment of a lawyer, digital data expert, or privacy rights advocate, even if only a temporary and limited one in order that the important privacy rights contained within this case be properly litigated. For discovery, a lawyer with specialized training is much better able to have gotten relevant evidence into the record. Plaintiff, on the other hand, falsely believed all exhibits and Tech's own submitted interlocutories were part of the record. However, blocked from such access, the case had no real chance of success since even seasoned attorneys have trouble maneuvering in this complex legal junction where law and technology meet. The Magistrate Court

---

[7] In its March 2013 Report and Recommendation, the magistrate did rule in his favor in one contested question having ruled that the wiretap act was triggered. Nonetheless, while that one decision was ruled in Plaintiff's favor, it was later effectively negated when the same court granted the motion to dismiss.

8

seemed to think a first time pro se should have been able to do so, despite all the evidence pointing to the opposite conclusion. The magistrate's denial of any such aid doomed this case from the start and it certainly doomed it in this complex discovery/summary judgment stage.

Over a five-year period, the Magistrate Court repeatedly denied requested procedural assistance in an exceedingly technical and difficult arena of law, then it almost always repeatedly asserted the fiction that Plaintiff was somehow adept at legal proceedings and did not need appointment of counsel while simultaneously using his many procedural errors as a way to defeat his attempts to get this case to. The Magistrate Court cannot have it both ways; both calling him adept and legally savvy while simultaneously ruling against him in virtually every single filing before this Court – despite the fact that most of those rulings were proven wrong by the appellate court. It stands to reason that somewhere something had to go wrong for him to have received so many denials in the lower forum, and it was always due to a procedural error, if not error or abuse of discretion on behalf of the Magistrate Court. In fact, plaintiff must assume it was his failure and inabilities to follow legal procedures that has caused this case many stalls. As such how can he honestly be colored as legally adept or savvy by the Magistrate Court as part of its reasoning in denying him counsel for a case that warrants it much more than most typical pro se cases? It was due to plaintiff's terrible functioning in the lower courts. Plaintiff surely cannot be considered legally adequate - law degree or not- when he lost every single disputed motion to rivals when an appeals court later ruled he was actually *right* on those same issues. Why the disparity between his having all the issues on his side and yet losing all contested motions? What could explain his consistent ability to pull defeat out of the jaws of easy victory? Surely one cannot blame the Magistrate Court's decisions alone. Rather, it must be that Plaintiff's woeful legal abilities time and again turned "sure win" situations into "sure lose" situations. Moreover, Plaintiff's

complicated medical condition-one that has stumped many neurologists and phycologists over the years (Exhibit D) - continues to vex him at every opportunity and the condition is only getting worse with age. If plaintiff had the ability to practice law, he would certainly have done so. In stead, his inability to even take the bar exam should be more than a hint that the problems are of such a nature as to preclude him from ever practicing law.[8]

All of the above happened in this case despite the fact its own appeals court ruled that this case had merit and deserved representation in the higher court. Apparently, however, in this lower Court, this case was not seen as meritorious, and so it was not assigned fair representation. Had the Magistrate Court simply allowed the case to go to trial, this case would have been over in 2014 or so. The very fact it was reversed on all counts by its appeals Court attests to the fact that the Magistrate Court was not correct in its decision making, abused its discretion countless times unnecessarily stalling this case. As before, the Magistrate Court is again incorrect here and Plaintiff is confident he will have this overturned in appeals - as it was before.[9] The District Court can, and should overturn this decision and should appoint counsel at once so this case can finally have its day in court.

---

[8] Plaintiff will submit medical records indicating his serious problems during the past few months which are hampering his efforts even in this motion. Those issues – only some of which include serious short term memory problems causing Plaintiff to often forget what was just written and thus repeating the same argument over and over- have been getting addressed during various hit or miss attempts by his doctor to ameliorate the problem-but the misses have caused his many problems in this case. Hopefully the new medication and the proper dosage will be zoned in on within the coming months, and so this will not be an issue again. The death of Plaintiff's normal long term doctor in 2016 caused a ripple effect that Plaintiff has still not stabilized. Plaintiff hesitates to submit such information, as all past attempts to explain the problem have fallen on deaf ears-and even used against him by the magistrate in its own responses (once even questioning the legitimacy of my psychiatrist for example) - in this forum, however they will again be presented if only for purposes of appeals.

[9] While Plaintiff had intended on asking for appointment of counsel again only in appeals, various D.C. appeals law firms specializing in high-tech law have unexpectedly contacted him concerning this case after having read the Magistrate's recent Report and Recommendation. They view this case as uniquely relevant and timely and therefore worthy of *pro bono* representation. Thus, despite the Magistrate's warning in its Order, (Doc. #224, pg. 3) Plaintiff will – perhaps somewhat apologetically – nonetheless have to submit yet another motion concerning some sort of appointment of counsel. That is of course, if that is the correct legal terminology when one BYOB's his own representation as opposed to having the Court find it for him). Plaintiff will know buy mid week which direction he intends to go and will inform the Court promptly.

10

### C. Motion For Miscellaneous Relief Should Have Been Granted

While listed as a motion for miscellaneous relief, Plaintiff merely wanted to enter the exhibits into the record once again. It was not intended that this Court dig though them as many of them were already entered into the record. This was submitted as part of my effort to rebut tech's assertion in the affidavit that it did not pay for the advertising and/or the advertising did not point to their product. Plaintiff may have misfiled this, but again he hesitated to call the clerk to ask how to do this, given that the magistrate has twice before reacted poorly on various orders about his attempts to call into the office.

### D. Sur-reply and refiled motion should be considered part of the record and should have been considered during the Court's findings in its Report

The filed motions, whether technically filed correctly or not should be considered part of the record as they were filed in the belief that the Court wanted them filed correctly. The Magistrate Court stated it was not charged with digging through the record to find previously submitted evidence. (Doc. # 224, pg. 5) Nonetheless, the Court is required to consider all previously submitted evidence evidence in support, in direct opposition, and all evidence properly before the court, including pleadings, depositions, answers to interrogatories, admissions, affidavits, transcripts, and written stipulations of fact. As such the rejected sur-reply should also have been considered part of the record as Plaintiff went through a lot of work to submit it. Among other things, it was intended to address the new claims by the CEO in the later filed affidavit that his company did not advertise those ads, nor did the ads point to the product purchased.

For the forgoing reasons Plaintiff objects to the Magistrate's Order and Opinion on every single count, and asks the Magistrate Court (and or/District Court) to reconsider its previous

11

decisions to block entry of Plaintiffs submissions, to block consideration of the submissions in its summary judgment decision, as well as its denial of his motion for appointment of counsel which has effectively doomed the case in the lower court.

I, Javier Luis hereby declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief. I further certify that I have knowledge of the events I have spoken about and I am willing to testify under oath as to any and all claims.

*/s/ Javier Luis*

Dated: April 16, 2018                                                                 Respectfully Submitted,

*/s/ Javier Luis*<br>JDLuis65Ohio@gmail.com

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion was filed electronically on April 16, 2018. Parties may access this document through that system.

*/s/ Javier Luis, Pro Se*