UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAVIER LUIS | CASE NO. 1:12-cv-00629 |
| Plaintiff, | Judge Susan J. Dlott |
| Vs. | Magistrate Judge Stephanie K. Bowman |
| AWARENESS TECHNOLOGIES, INC. | **DEFENDANT AWARENESS TECHNOLOGIES, INC.'S MOTION FOR ATTORNEY FEES** |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Civil Procedure and, Defendant Awareness Technologies, Inc., through its counsel moves the Court for awarding Awareness Technologies, Inc.'s reasonable attorney fees and costs incurred in defending itself in the above-referenced lawsuit. This Motion is support by the attached Memorandum of Law and the Affidavit of Bernard W. Wharton.

/s/ Bernard W. Wharton
Bernard W. Wharton 0063487
R. Gary Winters 0018680
McCASLIN, IMBUS & McCASLIN
632 Vine Street, Suite 900
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
bwwharton@mimlaw.com
rgwinters@mimlaw.com

## MEMORANDUM OF LAW

On December 28, 2017, Awareness Technologies, Inc. filed its Motion for Summary Judgment with the Affidavit of Brad Miller attached (Doc. #213). The Affidavit of Brad Miller set forth how Awareness Technologies' WebWatcher program operated and this Affidavit constituted the only evidence in the record concerning the actual operation of WebWatcher. In response to the Summary Judgment Motion, the Plaintiff initially filed a First Motion for Extension of Time (Doc. #214) and an Order was put on by the Magistrate Court on January 4, 2018 granting an extension until February 15, 2018 for the Plaintiff to file a written response to the pending Summary Judgment Motion (Doc. #218). On February 15, 2018, the Plaintiff filed his opposition to the Motion for Summary Judgment but did not produce any evidence as to how the allegations in his Complaint were supported or created a question of fact.

Prior to the Summary Judgment being filed, counsel for the Defendant sent a letter on September 12, 2017 to the Plaintiff requesting that he dismiss his claims against Awareness Technology as there is no evidence to support the allegations in the Plaintiff's Amended Complaint in explaining why the WireTap Act did not apply to the WebWatcher program. (See Affidavit of Bernard W. Wharton at ¶4, Exhibit A). In response to this request by counsel for the Defendant, the Plaintiff refused to dismiss his claims. (See Affidavit of Bernard W. Wharton at ¶6).

On April 6, 2018 the Magistrate Court issued a Report and Recommendations recommending that the Summary Judgment Motion be granted and Judgment be entered in favor of the Defendant. (Doc. #225). The District Court adopted this Report and Recommendation and issued a Judgment in favor of Awareness Technologies, Inc. on June 8, 2018. (Doc. #235, 236).

Rule 11 of the Federal Rules of Civil Procedure provides that an attorney or represented party must certify to the best of that person's knowledge, information and belief, that the factual contentions of any pleading, written motion, or other paper, has evidentiary support. If a Court determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction on any party that violated the rule. (Fed. R.Civ.P. 11(c)(1).

Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and legal contentions before presenting to the Court. (Fed. R.Civ.P. 11(b). The threat sanctions encourages keen observance of this duty. *Ridder v. City of Springfield*, 109F 3d 288, 294 (6th Cir. 1997). But, the drafters of Rule 11 also included the safe harbor provision to allow the nonmovement of a reasonable period to reconsider the legal and factual basis for his contentions, and, if necessary, to withdraw the offending document. *See* Fed. R. Civ.P. 11(c). Thus, the parties seeking sanctions must effectuate service at least 21 days prior to the entry of final judgment or judicial rejection of the offending contention. *Ridder,* 109 F.3d. at 297. Failure to comply with the safe harbor provision precludes imposing sanctions on the parties Motion. *Id.*

As is demonstrated in the Affidavit of Bernard W. Wharton, the Plaintiff was warned in a letter on September 12, 2017 that there was no evidence to support his allegations in his Amended Complaint and he should agree to a dismissal of his claims. Certainly, the Magistrate Court issued the report and recommendation on April 6, 2018 and the District Court adopted the Report and Recommendation on June 8, 2018. Those dates are clearly over 21 days after the safe harbor letter was sent by counsel for Awareness Technologies. Accordingly, the safe harbor provides of Rule 11 have been complied with by Awareness Technologies. Because the Plaintiff has failed to provide any evidence to support his Amended Complaint's allegations, and because the Plaintiff was specifically born that there was no such evidence to support his factual and legal

allegations, the Plaintiff has violated Rule 11(b) and under Rule 11(c), Awareness Technologies, Inc. is entitled to its attorney fees incurred in filing its Summary Judgment Motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of July, 2018 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Bernard W. Wharton
Bernard W. Wharton 0063487

***Attorney for Defendant Awareness Technologies, Inc.***

G:\sharon\Awareness Technologies - Javier 13-01-17\Pleadings\D's Motion for Attorney Fees.docx