**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JAVIER LUIS, | Case No. 1:12-cv-629 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| JOSEPH ZANG, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

**I.    Background**

The above-captioned case, initiated by Plaintiff Javier Luis ("Luis") *pro se* and *in forma pauperis* more than six years ago in Florida, has a lengthy procedural history. After this Court granted a motion to dismiss and entered judgment for Defendant Awareness Technologies, Inc. ("Awareness"), Plaintiff successfully appealed to the Sixth Circuit, which reversed and remanded for further development of the record. *Luis v. Zang*, 833 F.3d 619 (6th Cir. 2016). Following a period of discovery after remand, Awareness filed a motion for summary judgment. (Doc. 213). On June 8, 2018, the Court adopted a Report and Recommendation by the undersigned and granted Defendant's motion for judgment in its favor.

On July 7, 2018, Plaintiff filed a second appeal of this Court's final judgment to the Sixth Circuit Court of Appeals. On July 9, 2018, Defendant filed a motion seeking an award of attorney's fees under Rule 11, Fed. R. Civ. P., to which Plaintiff has filed a response.

The undersigned now recommends that the Defendant's motion for Rule 11 fees

1

be DENIED.

**II.     Analysis**

"As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals." *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). However, the rule is not absolute. Thus, the district court retains jurisdiction "to enforce its judgment…, to proceed with matters that will aid the appellate process…, and to adjudicate matters unrelated to the issues on appeal." *Williamson v. Recovery Ltd. Partnership*, 731 F.3d 608, 626 (6th Cir. 2013) (internal citations omitted). A motion filed under Rule 11 is generally considered to be a collateral motion over which the district court retains jurisdiction. *See Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*, 212 F.R.D. 341, 344 (E.D. Ky. 2003) (holding that fee sanctions are collateral matters over which the district court retains jurisdiction; *see also Regional Refuse Sys. Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir. 1988) (superseded on other grounds by statute as stated in *Bradley J. Delp Revocable Trust v. MSJMR 2008 Irrevocable Trust*, 665 Fed. Appx. 514 (6th Cir. 2016)). In short, a Rule 11 motion filed even after a notice of appeal has been filed does not divest this Court of jurisdiction over that collateral motion. *Accord Old Blast, Inc. v. Operating Engineers Local 324*, 2016 WL 8261733 at *2 (E.D. Mich. Aug. 17, 2016).

Having determined that this Court retains jurisdiction to resolve the motion, the undersigned recommends its denial as untimely under prevailing Sixth Circuit law. *See Moore v. LaFeyette Life Ins. Co.*, 458 F.3d 416 (6th Cir. 2006) (holding that trial court abused discretion by imposing Rule 11 sanctions on counsel where motion was not filed until after disposition of case on summary judgment); *McKenzie v. Berggren*, 212 F.R.D.

2

512, 514 (E.D. Mich. 2003) (same); *see also Davis v. Detroit Pub. Schools Community Dist.*, 2018 WL 1558860 (E.D. Mich. Jan. 26, 2018) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997) and 1993 Advisory Committee Notes). Although Defendant did provide some notice to Plaintiff of its intent to seek sanctions if Plaintiff did not voluntarily dismiss his claim more than 21 days prior to the conclusion of the case, Defendant did not actually file its motion until more than 30 days after the case was closed. Furthermore, Defendant did not serve Plaintiff with the motion itself 21 days prior to filing the motion. *See Tillman v. Apostolopoulos*, 2010 WL 5088763 at *2, 2010 U.S. Dist. LEXIS 129459 (E.D. Mich. Dec. 8, 2010) (holding that "nothing less than service of *the Rule 11 motion itself* can satisfy the safe harbor provision" and that a "warning letter" or informal "notice" is insufficient) (emphasis original). Because the notice appears insufficient and the motion is unquestionably untimely, the undersigned finds no need to further address the merits of the Rule 11 motion.

### III. Conclusion and Recommendation

For the reasons discussed above, **IT IS RECOMMENDED THAT** Defendant's motion for Rule 11 sanctions be **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

3

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAVIER LUIS,                                                                     Case No. 1:12-cv-629

                  Plaintiff,                                       Dlott, J.
    v.                                                                     Bowman, M.J.

JOSEPH ZANG, et al.,

                  Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).